# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDMOND CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-15-302-R |
| | ) | |
| STATE OF OKLAHOMA, *ex rel.*, | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY OF OKLAHOMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant, the State of Oklahoma, *ex rel.* Board of Regents of the University of Oklahoma (the "University"), has filed a Motion to Dismiss (Doc. No. 6), seeking dismissal of the claims set forth in Plaintiff's petition. Plaintiff has responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.[1]

This action, filed in the District Court of Cleveland County and removed by Defendant to this Court, alleges claims for disability discrimination, including failure to accommodate and discriminatory and retaliatory termination in violation of the Oklahoma Anti-discrimination Act, and in violation of the Rehabilitation Act. Plaintiff, who was employed by the University from January 2009 until July 2014, alleges that he was qualified for his job as Shipping and Receiving Clerk III and capable of performing all of the essential

---

[1] The parties devote discussion in both the motion and response to the prior filing and voluntary dismissal of this action, which was apparently done prior to the court ruling on a motion to dismiss that Defendant had filed. That action, however, was not pending before the undersigned and this action will be considered in light of the pleadings and motions filed herein, not anything that occurred in that case.

functions of his job with some unidentified reasonable accommodation. Petition, ¶ 8. He contends he was disabled because he was impaired in the major life activities of sleep, thinking and communicating, and normal cell growth and neurological function or that he was perceived by Defendant as having a disability. Petition, ¶ 9. It is at this point in the Petition that Plaintiff's allegations become unclear. Consistent with his contention that he is disabled by virtue of anxiety, he alleges that on February 26, 2014 he had an anxiety attack at work, was taken to the emergency room and returned to work the next day with a physician's note releasing him to work. Petition, ¶¶ 12-13. On April 9, 2014 Plaintiff suffered a scapula fracture, for which he was permitted to take FMLA leave.[2] He alleges that when he sought to return to work on June 19, 2014, with temporary restrictions related solely to his right scapula, specifically lifting, pushing and pulling limitations on the right side, that Defendant refused to permit him to return without a full release. Petition, ¶ 19-21. He contends this refusal was in violation of the ADA requirement that Defendant engage in the Act's interactive process and provide reasonable accommodation. Plaintiff was terminated on July 3, 2014, ostensibly because he had abandoned his job by not providing a full release to return to work related to his right scapula.

To survive a motion to dismiss, a complaint must allege facts sufficient to make a claim for relief facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)((quotation to *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) omitted).

---

[2] Plaintiff is not seeking relief under the FMLA. He contends his FMLA leave was solely related to the fracture but that Defendant claimed his leave was for "three concurrent FMLA events" including the broken scapula, panic attacks and narcolepsy. Petition, ¶ 17.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Id.* (quotation omitted).

> Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides in relevant part:
>
> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

The Rehabilitation Act adopted the standards set forth for the Americans with Disabilities Act, 29 U.S.C. § 794(d), which therefore assists in guiding the Court's analysis of Plaintiff's petition.

Plaintiff contends that he was terminated by Defendant because Defendant would not provide him accommodations related to a broken scapula and because Plaintiff failed to provide a full release without restrictions by July 3, 2014. The petition, however, alleges that "Plaintiff suffers from anxiety and related impairments." Petition, ¶ 9. Plaintiff does not rely on his scapula as a basis for his disability. In response to the motion to dismiss Plaintiff characterizes his allegations more broadly than the Petition reads. He contends that his petition alleges two impairments, anxiety and the broken scapula. The Court, however, does not read the petition as including the broken scapula as an impairment for purposes of the Rehabilitation Act, because Plaintiff utilizes paragraph 9 of the Petition to specifically identify his impairment, as "anxiety and related impairments." Furthermore, his allegations regarding the major life activities that are substantially limited are anxiety related. He alleges

3

he cannot sleep for more than an hour or two without waking, that he has difficulty communicating or thinking coherently, and that the bodily functions of normal cell growth and neurological function are limited.[3]

Additionally, Plaintiff alleges that "[a]lthough [he] suffered from sleepiness, he did not take FMLA leave for this matter and was capable of performing the essential functions of his job." Petition, ¶ 18. The requested accommodations that Defendant allegedly denied Plaintiff were solely related to his scapula. The Court concludes that Plaintiff's petition does not provide Defendant with sufficient notice regarding the basis of his claims, nor does it contain sufficient factual allegations to tie together his anxiety impairment and the failure to accommodate, because the accommodations he specifically identifies are not related to his anxiety but rather to his scapula.

> [T]he law on accommodation ordinarily requires proof of some connection between the accommodation requested and the plaintiff's disability. *See e.g. Nazum v. Ozark Automotive Distributors, Inc.*, 432 F.3d 839, 848 (8th Cir. 2005)("Where the reasonable accommodation requested is unrelated to the limitation, we do not believe an ADA action may lie. . . . [T]here must be a causal connection between the major life activity that is limited and the accommodation sought."); *Tesh v. U.S. Postal Service*, 349 F.3d 1270, 1276 (10th Cir. 2003)(rejecting claim where requested accommodation was "unrelated to the knee disability that Appellant claims in this case.").

*Dickman v. Lahood*, 2012 WL 4442644, *5 (D.Kan. 2012). As such, the Court finds that Defendant's motion to dismiss should be granted, however, as requested in the response brief,

---

[3] Conceivably the issue of normal cell growth could be related to the healing of Plaintiff's fractured scapula, however, the scapula issue is not raised until later in the Petition and there is no basis for concluding the two are related.

the Court finds that leave to amend is appropriate as well.[4]

Defendant also contends that Plaintiff's claims under the Oklahoma Anti-Discrimination Act (OADA) should be dismissed because Plaintiff failed exhaust his claim for retaliation. The Court need not determine at this juncture whether Plaintiff properly exhausted any claim for retaliation, because the petition does not contain sufficient facts to support a claim for retaliation under the OADA. Of course Defendant may re-urge this motion upon filing of an amended pleading by Plaintiff.

As noted above, Plaintiff requested leave to amend his pleading in the event the Court concluded he failed to sufficiently plead his claims. Plaintiff is hereby granted leave to amend, such amendment shall be filed not later than August 20, 2015. Defendant's Motion to Dismiss (Doc. No. 6) is hereby GRANTED.

---

[4] This same analysis governs whether Plaintiff has pled a claim for discrimination in violation of the Rehabilitation Act or the OADA. Plaintiff alleges that his impairment was anxiety but he was terminated because of limits related to his scapula. *See* Okla. Stat. tit. 25 § 1302(A)(1), "[i]t is a discriminatory practice for an employer . . . to discharge or otherwise discriminate against an individual with respect to . . . employment, because of . . . disability, unless the employer can demonstrate that accommodation for the disability would impose an undue hardship on the operation of the business of such employer." Additionally, the Court finds that Plaintiff has failed to state a claim for retaliation under either the Rehabilitation Act or the OADA. There is no allegation in the petition that Plaintiff engaged in protected activity prior to his termination, again because he relies on his anxiety as his alleged disabling impairment but all subsequent decisions were apparently related to his scapula.

IT IS SO ORDERED this 5th day of August, 2015.

DAVID L. RUSSELL  
UNITED STATES DISTRICT JUDGE