# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDMOND CLARK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-302-R |
| | ) |
| STATE OF OKLAHOMA, ex rel., | ) |
| BOARD OF REGENTS OF THE | ) |
| UNIVERSITY OF OKLAHOMA, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Defendant, the State of Oklahoma, ex rel., Board of Regents of the University of Oklahoma, has filed a motion to dismiss Plaintiff's Amended Complaint [Doc. No. 25] in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Doc. No. 27. In support of its motion to dismiss, Defendant makes a plethora of arguments, most of which go to the Plaintiff's burden of proof on summary judgment. Nevertheless, the Court will attempt to address all of Defendant's arguments.

First, Defendant argues that Plaintiff's disability retaliation claim under the OADA should be dismissed because Plaintiff failed to exhaust his administrative remedies inasmuch as the Charge of Discrimination (Exhibit "1" to Defendant's Brief) reflects that the box for retaliation was not checked and the Charge contains no allegations of retaliation. Plaintiff in response has submitted the intake questionnaire used by the EEOC in which the box for retaliation is checked. *See* Exhibit "1" to Plaintiff's Brief. However, the questionnaire also contains no facts concerning any

disability retaliation. Plaintiff has also submitted his affidavit in which he attests that he told the EEOC, which typed both documents, that he believed he was retaliated against because he was fired after requesting time off work and work restrictions of limited lifting, pushing and pulling. *See* Affidavit of Edmond Clark (Exhibit "2" to Plaintiff's Brief at ¶¶ 3 & 6, Plaintiff argues that "allegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations, quoting *Welch v. City of Shawnee*, 182 F.3d 934 (10th Cir. 1999) and that the questionnaire satisfied the EEOC's minimum requirement for a charge, citing *Jones v. UPS, Inc.*, 502 F.3d 1176, 1183-84 (10th Cir. 2007). He further argues that even intake questionnaires which fail to provide all required information may be considered sufficient for exhaustion purposes, again citing *Jones.* Finally, Plaintiff argues that he shouldn't be deprived of his day in court because of the EEOC's negligence, citing *Walker v.* UPS, 240 F.3d 1268, 1273 (10th Cir. 2001); *Wilkerson v. Grinnel Corp.*, 270 F.dd 1314, 1321 (10th Cir. 2001) citing approvingly *Forehand v. Florida State* Hospital, 89 F.3d 1562, 1570-71 (11th Cir. 1996)("[A]ny deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue."); and *Jones supra*, at 1185. The Court is constrained by these authorities, the intake questionnaire and Plaintiff's affidavit to hold that Plaintiff adequately exhausted his administrative remedies because he should not be charged with the EEOC's negligence.

Next, Defendant argues that Plaintiff failed to state a claim of disability discrimination under the OADA because the OADA does not recognize a claim for failure to accommodate and the Amended Complaint fails to state sufficient facts to state

a plausible claim for relief. This is so, Defendant argues, because temporary injuries, such as a broken bone, do not constitute a disability within the meaning of the Americans with Disabilities Act ('ADA") which the OADA is construed to be consistent with and because the inability to lift, push or pull objects is not generally deemed a severe disability under the ADA or the OADA. Defendant argues that Plaintiff has presented "zero evidence" to show that his injuries were deemed so "sufficiently severe" that they substantially limited his life activities as required by the OADA. Plaintiff in response argues that temporary or non-chronic impairments are no longer excluded from the ADA, citing *Poole v. Centennial Imports, Inc.*, 2014 WL 8803288 (D. Nev. May 19, 2014). Defendant in reply argues that it continues to be the law in the Tenth Circuit that a temporary injury does not constitute a disability under the ADA or Rehabilitation Act, citing *Rhodes v. Langston University*, 462 Fed. Appx. 773, 779 (10th Cir. Oct. 14, 2011). Moreover, it argues that a pushing or pulling restriction of fifteen pounds or lifting and carrying restriction of ten pounds is not a severe disability under the OADA or Rehabilitation Act, citing *McCoy v. USF Dugan, Inc.*, 42 Fed. Appx. 295, 297-98 (10th Cir. July 3, 2002)(No. 01-3189)(lifting limitation of twenty pounds was not substantial limitation); *Velarde v. Assoc'd Reg'l & Univ. Pathologists*, 61 Fed. Appx. 627, 630 (10th Cir. April 2, 2003)(twenty-five pound lifting restriction was not substantial limitation); and other cases holding temporary lifting restrictions were not sufficiently severe or substantial. Defendant also argues that Plaintiff has failed to allege that he was regarded by Defendant as disabled by his pushing, pulling and lifting restrictions due to Plaintiff's broken scapula or by narcolepsy, anxiety or panic attacks.

After amendment of the ADA by the ADA Amendments Act of 2008, "[i]mpairments that last only for a short period of time are typically not covered" but may be covered if "substantially severe." *Summers v. Altarium Institute, Corp.*, 740 F.3d 325, 329 (4th Cir. 2014)(quoting 29 C.F.R. § 1630.2(j)(1)(i)(app). "If an individual has a back impairment that results in a 20-pound lifting restriction that last for several months, he is substantially limited in the major life activity of lifting, and therefore covered under the first prong of the definition of disability." *Id.* Accordingly, the Court finds that Plaintiff has adequately alleged a disability due to his broken scapula which is alleged to have occurred around April 19, 2014 and required a fifteen-pound pushing and pulling restriction and a ten-pound lifting restriction, as of June 19, 2014, according to Plaintiff's allegations. *See* Amended Complaint at ¶¶ 14 & 24. And because Defendant has cited no authority for its argument that the OADA does not recognize a claim for failure to accommodate, the Court does not consider that argument.

Next, Defendant argues that Plaintiff has failed to allege sufficient facts to support a disability discrimination claim under the Rehabilitation Act because Plaintiff cannot establish that he has a disability, again allegedly because Plaintiff's shoulder injury was temporary and not sufficiently severe. The Court rejects that argument consistent with the foregoing. Defendant also argues that Plaintiff cannot assert a "regarded as" claim for his broken scapula because such a claim requires that the employer regarded the employee as significantly restricted in performing his specific job due to the impairment and that the employer subjectively believed that the employee was significantly restricted in performing either a class of jobs or a broad range of jobs in various classes, citing

4

*Dillon v. Mountain Coal Col., LLC,* 569 F.3d 1215, 1219 (10th Cir. 2009). However, Plaintiff has sufficiently alleged that Defendant regarded Plaintiff as disabled due to his lifting and other restrictions in that he was excluded from his job and that Defendant regarded him as unable to perform a broad class of jobs by not allowing Plaintiff to return to work in any job or capacity. *See* Amended Complaint at ¶ 28.

Next, Defendant argues that Plaintiff has failed to plead sufficient facts to show that he was otherwise qualified for his position, the second element of a Rehabilitation Act claim. Specifically, Defendant asserts that "nowhere in his Amended Complaint are the facts to support what the job functions actually are, how the pled conditions of a broken right scapula anxiety and related impairments or the alleged narcolepsy impacted an ability to perform those functions, with or without accommodations." However, Plaintiff has, in the Court's opinion, adequately alleged that he could have performed his job with the reasonable accommodation of assistance from others with pushing, pulling and lifting or equipment, *see* Amended Complaint at ¶ 25, and Plaintiff alleges he had no restrictions related to his anxiety/panic attacks or his supposed narcolepsy. *See id.* at ¶ 24.

Next, Defendant argues that it is clear from the face of the Amended Complaint that Plaintiff cannot show at least an inference that he was terminated "solely" because of his disability. Because Plaintiff claims more than one disability, either actual or regarded as, the Court finds that Plaintiff's allegation that "[a]t the least, motivating factors in the decision to terminate the Plaintiff include his disability(ies), Defendant's belief that

Plaintiff was disabled, and/or his request for accommodation," Amended Complaint at ¶ 31, is sufficient for pleading purposes.

Finally, Defendant argues that Plaintiff has failed to state a claim for retaliation under the Rehabilitation Act because mere temporal proximity between the protected activity and the materially adverse action is not sufficient to establish causation unless the protected activity and the retaliatory action are very close in time. But upon review of Plaintiff's Amended Complaint and construing it in a light most favorable to Plaintiff, Plaintiff alleges in effect that he asked for reasonable accommodation when he gave Mr. Walhee a doctor's note releasing him to return to work but with restrictions. *See* Amended Complaint at ¶ 24. This occurred on June 19, 2014, according to Plaintiff's allegations. *See id.* Plaintiff also alleges that he was terminated "around July 3, 2014, *see id*. at ¶ 27. This very close temporal proximity between Plaintiff's request for accommodation for his shoulder injury and Plaintiff's termination is sufficient to establish an inference of retaliatory causation.

In accordance with the foregoing, Defendant's motion to dismiss Plaintiff's Amended Complaint is DENIED. Plaintiff is deemed to have exhausted his administrative remedies and Plaintiff has alleged sufficient facts to state plausible claims for relief under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

IT IS SO ORDERED this 2nd day of February, 2015.

*[signature]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE